IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TERRY W. STEWART                                                              PETITIONER

VERSUS                                               CIVIL ACTION NO. 5:13-cv-4-DCB-MTP

MARCUS MARTIN, WARDEN                                                         RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Terry W. Stewart, an inmate at the Federal Correctional Camp (FCC), Yazoo City, Mississippi, filed this Petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2241 on January 8, 2013. Upon review of the Petition [1], Memorandum in Support [2], Response [3] and applicable case law, the Court comes to the following conclusion.

**I.     Background**

Petitioner was convicted in the United States District Court for the Western District of North Carolina of multiple counts of conspiracy, mail and wire fraud, and money laundering. *United States v. Stewart*, 129 Fed. App'x 758, 760 (4th Cir. 2005)(unpublished), *cert. denied*, 546 U.S. 896 (2005)(No. 05-5332). Petitioner was originally sentenced to 2,100 months. *Id.* Petitioner appealed his conviction and sentence. *Id.* On appeal, Petitioner presented several challenges to his conviction and sentence including the following: (1) that the trial court erred when it quashed the subpoena forcing Petitioner's co-defendant, Vaughan, to testify on Petitioner's behalf, and (2) that the trial court should have allowed Petitioner to introduce Vaughan's hearsay statements. *Id.* at 766-67. The United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction, but vacated his sentence and remanded for resentencing. *Id.* at 770. Petitioner was resentenced and said sentence was affirmed by the Fourth Circuit. *United States v. Stewart*, 221 Fed. App'x 253 (4th Cir. 2007).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1] on September 18, 2008, presenting four grounds for relief along with an attached affidavit. *Stewart v. United States*, No. 3:08cv436-1-T (W.D. N.C. Nov. 7, 2008). Petitioner's affidavit included his arguments that he was deprived his constitutional right to present his own witnesses to establish his innocence and that his co-defendant Vaughn was threatened by the prosecutor with adverse acts if he testified pursuant to Petitioner's subpoena. *Id*. The Western District of North Carolina entered a Memorandum Opinion denying with prejudice Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. *Stewart v. United States*, No. 3:08cv436-1-T, 2008 WL 4866185 (W.D. N.C. Nov. 7, 2008). The Fourth Circuit dismissed his appeal. *United States v. Stewart*, No. 09-6151 (4th Cir. May 5, 2009).

Petitioner then filed a "Motion for Relief pursuant to Rule 60(b)" seeking to reopen his Motion to Vacate. Pet. [1] at 5. The "Motion for Relief" was determined by the trial court to be a "second or successive" motion under § 2255, and was denied without prejudice because Petitioner failed to obtain authorization from the Fourth Circuit to file a second or successive petition. *Stewart v. United States*, No. 3:08cv436, 2012 WL 3562452, at *2 (W.D. N.C. Aug. 17, 2012). Petitioner appealed that decision to the Fourth Circuit and on November 6, 2012, that appeal was dismissed. *United States v. Stewart*, 487 Fed. App'x 100, 2012 WL 5395645, at *1 (4th Cir. Nov. 6, 2012).

In the instant § 2241 habeas, Petitioner bases his habeas request on the following:

"(1) he is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; (2) he is in custody for an act done or omitted in pursuance of an Act or Congress, or an order, process, judgment, or decree of a court or judge of the United States; and (3) he is in custody in violation of the [C]onstitution or law or treaties of the United States."

Pet. [1] at 6.

More specifically, Petitioner's request for § 2241 habeas relief is based on his "gateway claim of actual innocence." Resp. [4] at 2. Petitioner argues that the trial court quashing the subpoena of his co-defendant Vaughan to testify at Petitioner's criminal trial and prohibiting Petitioner from presenting Vaughan's hearsay testimony basically violated Petitioner's Sixth Amendment right "to offer testimony of witnesses and compel their attendance." Memo. [2] at 14. As such, Petitioner asserts that he meets the "gateway claim of actual innocence." Resp. [4] at 2.

## II. Analysis

A petitioner may attack the manner in which his sentence "is carried out or the prison authorities' determination of its duration" pursuant to 28 U.S.C. § 2241, and a § 2241 petition "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A motion filed pursuant to "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. Immigration and Naturalization Service*, 106 F.3d 680, 683 (5th Cir.1997) (citing *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990)). As noted by the Fifth Circuit Court of Appeals, "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." *Pack*, 218 F.3d at 452 (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

In the instant case, Petitioner challenges matters that occurred at or prior to sentencing. Petitioner's request for habeas relief is not, therefore, properly asserted under § 2241, and "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452. There is, however, an exception to this general rule. A prisoner can resort to § 2241 if he satisfies his burden of establishing the so-called savings clause of § 2255, which "provides a means to petition the

courts for issuance of the 'Great Writ' when § 2255 is inadequate or unavailable." *Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 346 (5th Cir. 2002).

"To fall under this provision, petitioner must claim actual innocence and retroactivity." *Frees v. Maye*, 441 Fed. App'x 285, No. 11–50296, 2011 WL 4349322, at *2 (5th Cir. Sept. 19, 2011) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001))(unpublished table opinion). As such,

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense *and* (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena*, 243 F.3d at 904.

Petitioner was not convicted of a "nonexistent offense." He was found guilty of multiple counts of conspiracy, mail and wire fraud, and money laundering. These crimes have not been retroactively voided. Thus, Petitioner fails to meet the first prong of the Reyes-Requena test. *See Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (finding "[w]here the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense"); *see also Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001) (deciding that simply because Jeffers' jury was not instructed that it had to convict him unanimously on each of the specific violations that made up the alleged continuing series of violations, this did not amount to a claim that he was convicted of a "nonexistent offense" as required by *Reyes-Requena*). Because Petitioner is required to prove both prongs of the *Reyes-Requena* test to access the savings clause of § 2255, this Court need not address the second prong.

Petitioner also asserts that because he is "actually innocent," as provided by the decisions

of *Herrera v. Collins*, 506 U.S. 390 (1993) and *House v. Bell*, 547 U.S. 518 (2006), this Court should allow him to fully develop his habeas claim. Memo. [2] at 7. Even though Petitioner notes that the Fifth Circuit does not recognize a freestanding claim of actual innocence, *see In re Swearingen*, 556 F.3d 344, 347 (5th Cir. 2009); *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003), he nonetheless argues that the decision of *House* "permits him to advance a freestanding or gateway claim of actual innocence via a § 2241." Pet. [1] at 7. Petitioner further argues that "because sister circuits permit pursuit of a *Herrera* style freestanding claim of actual [innocence] this Circuit's precedent in Reyes-Requena and progeny should be reexamined." Memo. [2] at 8.

This Court is not persuaded by Petitioner's arguments. Petitioner's claims in the instant habeas petition concern the trial court's alleged procedural errors of (1) quashing the subpoena for Petitioner's co-defendant Vaughn and (2) also denying Petitioner's request to submit hearsay statements of co-defendant Vaughan in violation Petitioner's Sixth Amendment right "to offer testimony of witnesses and compel their attendance." Memo. [2] at 14. These claims presented in the current petition are nothing more than an attempt by Petitioner to receive a result contrary to the result he previously obtained from the Fourth Circuit as well as the trial court in his § 2255 motion to vacate. The Fifth Circuit has made clear that "[s]ection 2241 is simply not available to prisoners as a means of challenging a result previously obtained from a court considering their petition for habeas relief." *Kinder v. Purdy*, 222 F.3d at 214. Petitioner is cautioned that multiple attempts to invalidate his federal sentence based on identical grounds may constitute an abuse of the writ. *See Falcetta v. U.S.,* 403 F. App'x 882, 883 (5th Cir. 2010) (finding to the extent inmate's § 2241 petition raises issues already decided it is an abuse of the writ). Petitioner's habeas petition based on his claim of "a gateway claim of actual innocence" is

therefore without merit.

Finally, it is worth noting that Petitioner filed an unsuccessful § 2255 motion in the sentencing court. But the lack of success under § 2255 fails to establish that the § 2255 remedy is "inadequate or unavailable." *Wilson v. Roy*, 643 F.3d 433, 435 (5th Cir. 2011)(citing *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)). Likewise, the inability to meet the AEDPA's second or successive requirement does not make § 2255 inadequate or ineffective. *Id.*

This Court finds that to the extent that these claims should be construed as a motion pursuant to § 2255, such a motion must be filed in the sentencing court. *Pack*, 218 F.3d at 452 *Id.* at 451, *see also* 28 U.S.C. § 2255(a). Petitioner was sentenced in the United States District Court for the Western District of North Carolina and therefore he is required to pursue his § 2255 motion in that court. This Court lacks jurisdiction to consider the motion.

### III. Conclusion

As stated above, Petitioner does not meet the "savings clause" of § 2255 and his additional arguments that he should be allowed to proceed with the instant habeas petition are without merit. Consequently, this Petition [1] for relief pursuant to § 2241 is dismissed with prejudice as frivolous, and, to the extent that the Petition can be construed as a § 2255 motion, it is dismissed with prejudice for lack of jurisdiction. *See Ojo*, 106 F.3d at 683.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the  21st   day of February, 2013.

                                            s/David Bramlette
                                            UNITED STATES DISTRICT JUDGE